**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 20, 2018[*]
Decided July 20, 2018

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

Nos. 16-2284 & 17-1182

| | |
|---|---|
| YVONKIA STEWART, | Appeals from the United States District |
| *Plaintiff-Appellant,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 14-3265 |
| | |
| NANCY A. BERRYHILL, | Sue E. Myerscough, |
| Acting Commissioner of Social Security, | *Judge.* |
| *Defendant-Appellee.* | |

**O R D E R**

Yvonkia Stewart challenges the denial of her application for Disability Insurance Benefits and Supplemental Security Income. Stewart argues principally that the administrative law judge erred in concluding that she was not credible. The ALJ's decision is supported by substantial evidence, so we affirm the judgment.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Because Stewart's arguments on appeal are limited, we abbreviate the facts. Stewart injured her back in October 2008 while working in construction. She sought treatment for the resulting back pain and difficulty walking. Two years later she applied for disability benefits and supplemental security income, contending that these and other symptoms rendered her disabled since 2008. She asserted that she suffered from degenerative disc disease, myofascial pain syndrome (pain associated with repetitive muscular movements), sleep and mood disorders, a history of substance abuse, and seizures. After two hearings, the ALJ ruled that Stewart was not disabled.

The ALJ applied the required five-step analysis for assessing disability, *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4), and at the fourth step concluded that Stewart retained the capacity for some work. The ALJ observed that Stewart had not worked since 2008 (step one). At step two the ALJ found that Steward suffered from severe impairments (disc disease, pain syndrome, sleep and mood disorders, and substance abuse), but that her allegation about "seizures" was "not medically determinable." Her impairments did not meet or equal a listed impairment (step three). At the fourth step, the ALJ ruled that Stewart had the residual functional capacity to perform a limited range of sedentary work (but not her past work). Available jobs included office clerk or ticket-counter agent (step five).

The fourth step requires further discussion. The ALJ had to decide if Stewart's pain disabled her from work, and the ALJ found her credibility on this point "extremely poor." First, since 2008, medical providers regularly had reported that she exaggerated her pain. They explained that she "did not give maximal effort" on physical tests, was uncooperative, "tested positive for symptom magnification," and demonstrated inconsistent "pain behaviors" in the waiting room or when the examiner looked away from her. These observations appeared in two functional-capacity evaluations and in reports by her orthopedist, her pain-clinic doctor, a psychologist, and a referring physician from a stage agency. Second, the objective medical evidence did not support Stewart's assertion that her functioning was severely limited by pain. Spinal MRIs showed "mild findings," neural exams revealed normal muscle and electric activities, Stewart took no pain medication, and her pain-management doctor recommended a no-treatment regimen. Third, Stewart performed a "wide array of daily activities" that were more vigorous than sedentary work. These included caring for her son, shopping, climbing stairs, and completing household chores, albeit with her son's assistance.

This appeal arises from that 2013 ruling. After the ALJ rejected Stewart's request for benefits, the Appeals Counsel denied review, and the district court affirmed the ALJ's decision. Stewart appealed that decision and then asked the district court to

supplement the appellate record with new medical documents. These documents describe her physical ailments after the ALJ's decision. The district court treated that motion as a request for relief from judgment under Federal Civil Rule 60(b)(2) and denied it. Stewart has appealed that decision too, and we consolidate both appeals.

Stewart's main argument in the first appeal is that the ALJ incorrectly found that she was not credible, but the ALJ's decision is supported by substantial evidence. Stewart asserts that her medical providers "colluded" to lie about her injuries and misdiagnose her condition. She says that she suffered "a stroke," a "closed head injury and dispersed cervical and thoracic damage in the spine," and "catastrophic injury to [the] brain." But she produced no evidence of any agreement among her providers to lie; nor does she point to any medical evidence of these adverse conditions. Unsubstantiated claims are "of course, no substitute for evidence." *White ex rel. Smith v. Apfel*, 167 F.3d 369, 375 (7th Cir. 1999).

The ALJ's credibility finding is "reasoned and supported" by the record. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). The ALJ reasonably relied on the functional-capacity evaluations and reports from her several healthcare providers. These observed Stewart's lack of cooperation, her absence of effort, her "exaggerated" responses to pain, and the lack of objective evidence of pain. *See Simila v. Astrue*, 573 F.3d 503, 518–19 (7th Cir. 2009) (finding relevant to credibility physician's observation that patient may have feigned weakness); *see also Jones v. Astrue*, 623 F.3d 1155, 1161 (7th Cir. 2010) (observing that discrepancy between objective evidence and patient-reported pain "may suggest symptom exaggeration"). The ALJ also reasonably considered Stewart's testimony about her daily activities, her lack of pain medication, and the absence of a pain-treatment regimen from her pain-relief clinic. *See Schmidt v. Barnhart*, 395 F.3d 737, 747 (7th Cir. 2005) (finding relevant to credibility that patient's daily activities were not significantly restricted, he received no active treatment or therapy, and took no prescription medication). The ALJ permissibly concluded from these factors that Stewart's claim that she was in too much pain to work was not credible. *See Simila*, 573 F.3d at 517.

We can dispatch the second appeal quickly. Stewart does not address the district court's denial of her motion to supplement the record, and arguments not raised on appeal are waived. *Snyder v. King*, 745 F.3d 242, 246 (7th Cir. 2014).

We have reviewed Stewart's remaining arguments, and none has merit.

AFFIRMED